## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DERRICK J. STOVALL,
          Appellant,

      v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
CH-0432-11-0471-C-1

DATE: February 4, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Derrick J. Stovall</u>, Indianapolis, Indiana, pro se.

<u>Benjamin B. Hamlow</u>, Indianapolis, Indiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his petition for enforcement for lack of jurisdiction pursuant to the appeal rights waiver provision of the Last Chance Settlement Agreement (LCA) by which the parties settled his earlier appeal. For the reasons set forth below,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we DENY the petition for review, VACATE on our own motion the compliance initial decision, and FORWARD the appellant's petition for enforcement to the regional office to be docketed as a new appeal of his removal pursuant to the LCA.

¶2    The agency removed the appellant for unacceptable performance in 2011, which the appellant appealed to the Board. *See* MSPB Docket No. CH-0432-11-0471-I-1, Initial Appeal File (IAF), Tab 1, Tab 5 at 23, 27-32 (removal notice). The parties resolved the appeal through a LCA. MSPB Docket No. CH-0432-11-0471-C-1, Compliance Appeal File (CF), Tab 4 at 24-27 (LCA). Under the terms of the LCA, the agency agreed to cancel the removal and return the appellant to work as a GS-5 military pay technician, and the appellant agreed to, inter alia, maintain acceptable performance for a 2-year last chance period from May 1, 2012, to April 30, 2014. *Id.* at 24-25. The LCA provided that, if the appellant failed to maintain acceptable performance in one or more critical elements during the last chance period, the agency could summarily remove him from federal service after notifying him of the deficiency and affording him at least 30 days to improve. *Id.* at 25. The LCA further provided that the appellant waived all appeal rights in connection with the summary removal, except the opportunity to file a petition for enforcement to enforce the terms of the LCA.[2] *Id.* The administrative judge found the LCA lawful on its face and that the parties entered into the agreement voluntarily and with understanding of its terms.

---

[2] The LCA specifically stated that, if the appellant chose to file a petition for enforcement, he would have the burden of showing that the agency implemented the summary removal in bad faith because either: (1) it lacked a valid basis on which to find his performance unacceptable; or (2) it did not afford him notice of and an opportunity to correct his unacceptable performance as provided by the LCA. CF, Tab 4 at 25. We note that, as discussed further below, this is a misstatement of the Board procedures available to an appellant who seeks to challenge a removal action taken pursuant to a LCA containing an appeal rights waiver. However, because this mutual mistake of law is not material, i.e., does not go to the heart of the agreement, the LCA need not be set aside. *See Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶ 9 (2009).

IAF, Tab 29, Initial Decision (ID) at 2. Accordingly, the administrative judge entered the LCA into the record for enforcement purposes and dismissed the appeal as settled. ID at 2.

¶3      The agency returned the appellant to work and issued him performance standards for his new position. CF, Tab 4 at 106-10, 114-17, 122-25. On February 26, 2014, the appellant's supervisor officially notified him that his performance was deemed unacceptable and gave him 30 days to improve.[3] *Id.* at 68-71. The appellant's performance apparently did not improve sufficiently and, on April 29, 2014, the agency summarily removed the appellant from federal service due to unacceptable performance in accordance with the terms of the LCA. *Id.* at 22-23.

¶4      The appellant appealed the removal, which, pursuant to the terms of the LCA, he characterized as a petition for enforcement. CF, Tab 1 at 6; *see supra*, n.2. Therein, he argued that the agency had implemented his removal in bad faith, harassed him, violated various rules and regulations, discriminated and retaliated against him, and failed to follow proper procedures for removing him. CF, Tab 1 at 6. The regional office docketed the appeal as a petition for enforcement of the LCA, and the administrative judge issued an acknowledgment order advising the parties of their respective burdens regarding compliance with the LCA. CF, Tab 2 at 1-2. The appellant subsequently submitted an additional pleading and the agency responded in opposition to the petition for enforcement, arguing that it should be dismissed for lack of jurisdiction pursuant to the appeal rights waiver in the LCA. CF, Tabs 3-4. Without holding the requested hearing, the administrative judge dismissed the petition for enforcement for lack of

---

[3] Although the notice of unacceptable performance is dated February 26, 2013, this appears to be a typographical error. CF, Tab 4 at 68. The acknowledgment page and references within the letter indicate that the agency issued the notice in 2014, not 2013. *See id.* at 68-71. The date by which the appellant had to improve his performance is also reflected incorrectly; it should have been March 26, 2014, rather than March 26, 2013. *See id.* at 68.

jurisdiction based on the appeal rights waiver in the LCA. CF, Tab 5, Compliance Initial Decision (CID).

¶5 The appellant has filed a petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 3. The agency has submitted a response opposing the appellant's petition for review, which it asserts is untimely, and the appellant has filed a reply. PFR File, Tabs 5, 7.

The appellant's petition for review was timely filed.

¶6 As an initial matter, the agency has requested that we dismiss the appellant's petition for review as untimely filed. PFR File, Tab 5 at 11-12. On August 25, 2014, the final day to submit a petition for review of the compliance initial decision, the appellant requested a 90-day extension of time to file. PFR File, Tab 1. The Clerk of the Board granted a 30-day extension, making any petition for review due on or by September 24, 2014. PFR File, Tab 2. On September 24, 2014, the appellant faxed his petition for review to the Chicago Regional Office.[4] PFR File, Tab 3. The regional office forwarded the petition to the Office of the Clerk of the Board on September 25, 2014. *Id.* at 1. The Board has held that receipt of an otherwise timely petition in the wrong Board office will not preclude a determination on the merits. *Wiggins v. Office of Personnel Management*, 61 M.S.P.R. 537, 539 (1994). Thus, because he timely filed his petition for review with the regional office, we will consider the appellant's petition for review.

The administrative judge erred by treating the appellant's submission as a petition for enforcement.

¶7 Where, as here, an appellant challenges a removal action taken pursuant to a LCA, the Board has held that the appellant's request should be docketed as a new appeal of the removal action and not as a petition for enforcement of the LCA.

---

[4] The time and date stamp from the fax machine shows that the appellant faxed the petition for review at 5:49 p.m. on September 24, 2014. PFR File, Tab 3.

*Trotta v. U.S. Postal Service*, [73 M.S.P.R. 6](), 9 (1997). In the instant case, the regional office docketed the appellant's submission as a petition for enforcement, and the administrative judge subsequently issued an acknowledgment order setting forth the burdens of proof applicable to an enforcement proceeding. *See* CF, Tab 2. Although the administrative judge actually treated the matter as a new appeal of the removal action taken pursuant to the LCA in the compliance initial decision, *see* CID, her original treatment of the matter as a petition for enforcement was in error and, as discussed below, adversely affected the appellant's substantive rights, *see Trotta*, 73 M.S.P.R. at 9; *see also Panter v. Department of the Air Force*, [22 M.S.P.R. 281](), 282 (1984) (an adjudicatory error that is prejudicial to a party's substantive rights may provide a basis for reversal of the initial decision).

The administrative judge failed to give the appellant proper Burgess notice.

¶8      The Board lacks jurisdiction over an action taken pursuant to a LCA in which an appellant waives his right to appeal to the Board unless the appellant establishes that the appeal rights waiver should not be enforced. *Easterling v. U.S. Postal Service*, [110 M.S.P.R. 41](), ¶ 12 (2008). Because this issue raises a question of Board jurisdiction, the administrative judge must apprise the appellant of what he must submit to establish that the Board has jurisdiction over his appeal. *Trotta*, 73 M.S.P.R. at 11 (citing *Burgess v. Merit Systems Protection Board*, [758 F.2d 641](), 643-44 (Fed. Cir. 1985)). Here, the administrative judge's acknowledgment order did not advise the appellant of the showing he was required to make to establish Board jurisdiction, i.e., that, in light of the waiver of appeal rights contained in the LCA, he was required to show that the waiver should not act as a bar to the Board's adjudication of his appeal because: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Willis v. Department of Defense*, [105 M.S.P.R. 466](), ¶ 17 (2007); *see* CF, Tab 2. The administrative judge should also have made

the appellant aware that he was required "to make nonfrivolous allegation[s] . . . supported by some factual evidence, and that the production of such evidence would be necessary for him to show entitlement to a hearing on his appeal." *Trotta*, 73 M.S.P.R. at 11 (quoting *Little v. U.S. Postal Service*, 53 M.S.P.R. 32, 35 (1992)). Thus, the administrative judge did not provide the appellant proper *Burgess* notice.

¶9        It is well settled, though, that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order or the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden in the petition for review. *Easterling*, 110 M.S.P.R. 41, ¶ 11. We find that the compliance initial decision correctly sets forth the four conditions by which an appellant could establish that an appeal rights waiver should not be enforced.[5] *See* CID at 3 (citing *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 13 (2010)). However, neither the agency's response nor the compliance initial decision notified the appellant that, in order to establish entitlement to a hearing, he was required to provide some factual evidence supporting his nonfrivolous allegations. *See* CF, Tab 4; CID; *see also Trotta*, 73 M.S.P.R. at 11. We find that this omission adversely affected the appellant's substantive rights, and he is entitled to further proceedings so that the administrative judge may inform the appellant of his burden of proof on this issue and afford him an opportunity to show that his appeal is within the Board's jurisdiction. *See Little*, 53 M.S.P.R. at 35; *see also Panter*, 22 M.S.P.R. at 282.

---

[5] The administrative judge incorrectly noted that this standard applied to the enforceability of the entire LCA, not just the appeal rights waiver provision. However, we find that this misstatement did not have any adverse effect on any party's rights and was harmless. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

**ORDER**

In light of the above, we DENY the appellant's petition for review, VACATE on our own motion the compliance initial decision, and FORWARD the appellant's petition for enforcement to the regional office to be docketed as a new appeal of his removal pursuant to the LCA. On appeal, the administrative judge shall give the appellant explicit notice of the law and his burden of proof to establish Board jurisdiction over an appeal of a removal taken pursuant to a LCA containing a waiver of appeal rights and permit him an opportunity to respond and submit evidence.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.